JAMES T. JACKSON, Respondent, v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, April 29, 1889.

1. **Damages:** KILLING STOCK ON RAILWAY. Where the evidence showed that the plaintiff's steer was turned loose to graze on unenclosed lands beside the railway track, at a place where the defendant was required by law to fence, but had failed to do so, and the animal was afterwards found near the track, very badly injured, and blood and hair were found on the railway, indicating that the steer had been dragged or shoved along by a passing train, this was sufficient evidence to take the case to the jury, and there can be no disturbance of their verdict on the ground that it was not supported by the evidence.

2. **Damages**: WANT OF CARE BY PLAINTIFF. The defendant's point that the animal was abandoned by the plaintiff owner, without proper care or attention which might have lessened the amount of the injury, is not proper to be considered for a reversal, when no evidence was offered to show that the damages could have been mitigated by such care and attention, and the matter was not brought to the attention of the trial court by instruction offered, or otherwise.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*George H. Benton,* for the appellant.

The court should have sustained the defendant's demurrer to the evidence introduced by the plaintiff, because it totally fails to sustain or justify a verdict in this case. There was no proof from which a jury could, with justice, find that the steer had been struck by the engine or train of cars of the defendant's road. *Ferris v. Railroad,* 31 Mo. App. 122; *Flannery v. Railroad,* 23 Mo. App. 120. The point where the steer was found near the track does not satisfactorily appear, from the plaintiff's evidence, to have been one where it was the duty of the railroad company to build a fence, and the court ought also, for that reason, to have sustained the demurrer to the testimony. *McIntosh v. Railroad,* 26 Mo. App. 278; *Morris v. Railroad,* 58 Mo. 78. The evidence also establishes the fact that the steer lived for several months after the alleged injuries and was abandoned by the plaintiff to die of its injuries without care or attention on his part. This the plaintiff could not do, and the court erred in permitting him to recover for the value of the animal. The demurrer to the evidence should for that reason also have been sustained.

THOMPSON, J., delivered the opinion of the court.

This suit was commenced before a justice of the peace to recover double damages, under section 809, Revised Statutes, for mangling and injuring a steer, belonging to the plaintiff, so as to render it worthless. On trial anew in the circuit court, the plaintiff offered evidence tending to support the allegations of his statement, which it is admitted was drawn in conformity with the statute; the defendant offered no evidence; the plaintiff recovered a verdict in the sum of forty dollars; and the court, doubling the damages, under the statute rendered a judgment in his favor for eighty dollars. The defendant appeals to this court and assigns the following errors:

(1) That the evidence totally fails to justify the verdict. This assignment of errors proceeds upon the ground that there was no substantial evidence tending to show that the steer had been struck by an engine or cars of the defendant. The evidence was about as strong as circumstantial evidence could be. The plaintiff turned the steer loose to graze, on the evening before the accident, on the east side of the defendant's railway track. On that side the track was not fenced, but the place was open country, and the place was such that, under the law, the defendant was required to keep it fenced. There was no town or village there, and no highway crossing within a considerable distance of where the marks indicated that the accident to the animal had happened. There was an abandoned switch which had run to a mill, but both the switch and the mill had been long since disused. The evidence tended to show that the steer was found, on the following morning, fifteen or twenty feet from the defendant's track, very badly bruised, its shoulder and hip mashed in, its entrails protruding through the muscular abdominal covering against the skin so as to form a knot or

bunch. The steer had been used as a draft animal and was rendered worthless to the plaintiff, and the plaintiff abandoned it. It was cared for, for a time, by a neighbor of the plaintiff, who directed his children to carry it food and water ; but after two or three months it died. Near where the steer was thus found on the side of the track, blood and hair were found, indicating that the steer had been dragged or shoved along by a passing train. This was sufficient evidence to take the case to the jury. The further point that it does not satisfactorily appear, from the evidence, that the point where the steer was found was a point where the railway company was required to fence its track, is also disposed of by what has been said.

(2) The point that the evidence shows that the steer lived for two or three months after the alleged injuries, and was abandoned by the plaintiff to die of its injuries without care or attention, is answered by saying that no instruction was asked touching this feature of the case. The plaintiff's evidence tended to show that the steer was rendered substantially worthless for any purpose except perhaps for its hide and tallow. A party suffering an injury is bound thereafter to take reasonable steps to mitigate the damages, before he can charge them on the party doing the wrong, but, as no evidence was offered by the defendant tending to show to what extent, if any, the damages could have been mitigated by the plaintiff, and as this theory does not seem to have been presented to the court below by the defendant, in any form, it affords no ground for reversing the judgment.

The judgment will be affirmed. All the judges concur.